141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Omar CUSTODIO-CAYETANO, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70899.
I & NS No. Ayy-mxh-qgo.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 3, 1998.
Decided Mar. 18, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Omar Custodio-Cayetano (Custodio) challenges the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) order of deportation. In this Court, Custodio contends that the BIA abused its discretion in holding that Custodio's deportation would not cause extreme hardship to Custodio and his family because the BIA failed to consider the impact of severing his ties to the community. We grant the petition for review, vacate the order of the BIA, and remand.
 
 
 3
 Custodio, a forty-three-year-old citizen of Uruguay, entered the United States illegally in September 1986, and has been in the United States continually since his entrance. With his wife Maria, also a citizen of Uruguay illegally present in the United States, Custodio established a residence and cleaning business in Palm Springs, California. The couple has a ten-year-old daughter, Nancy, who was born in the United States in December 1987.
 
 
 4
 While in the United States, Custodio has been actively involved in his community. In addition to his business activities, Custodio has donated money to his local police department. Custodio has also donated money to his daughter's school, and has provided voluntary cleaning services to the school.
 
 
 5
 Deportation proceedings against Custodio began in April 1995, and a deportation hearing was held in December 1995. Custodio conceded deportability, and the IJ considered whether Custodio was eligible for suspension of deportation. The IJ determined that Custodio had been physically present in the United States for seven years, and that he was an individual of good moral character. The IJ held that Custodio was not eligible for the suspension of deportation, however, because the IJ found that Custodio and his family would not suffer extreme hardship if Custodio were deported. Although the IJ noted Custodio's contributions to the community in the fact section of its order and in finding that Custodio had a good moral character, the IJ did not consider whether severing Custodio's ties to the community would constitute an extreme hardship. The IJ held that Custodio was eligible for voluntary return to Uruguay, and entered an alternative finding of deportation if Custodio did not voluntarily depart.
 
 
 6
 Custodio appealed the IJ's decision to the BIA, arguing that severing his ties to the community would constitute an extreme hardship. See Appellant's Br. to BIA (Mar. 4, 1996) at 4, reprinted in Certified Administrative Record (CAR) at 13 (noting that Custodio "testified he contributed maintenance to his daughter's school. He made monetary contributions to the police department" and stating that "these hardship factors taken in aggregate [b]ring the level of his hardship to extreme"). The BIA summarily affirmed the IJ's order "based upon and for the reasons set forth in that decision." Order (Sept. 24, 1996), reprinted in CAR at 2. The BIA did not specifically consider whether severing Custodio's ties to the community would constitute an extreme hardship.
 
 
 7
 This Court reviews the BIA's determination that Custodio has not demonstrated an extreme hardship for an abuse of discretion. See Cerrillo-Perez v. INS, 809 F.2d 1419, 1421 (9th Cir.1987). "The application of the 'extreme hardship' requirement is committed to the [BIA] and will not be overturned simply because [this Court] might prefer another interpretation of the statute." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (quotations omitted). While "[t]he BIA has the authority to construe extreme hardship narrowly," Cerrillo-Perez, 809 F.2d at 1421 (quotations omitted), this Court has "consistently required the BIA to state its reasons and show proper consideration of all factors when weighing equities and denying relief." Id. at 1422 (quotations omitted).
 
 
 8
 The BIA has "enumerated various factors to be considered in evaluating a claim of extreme hardship." Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 n. 8 (9th Cir.1996). These factors include whether an alien has provided "special assistance to the United States or the community." Id. (citing In re Anderson, 16 I. & N. Dec. 596, 597-98 (BIA 1978)); see also Salameda v. INS, 70 F.3d 447, 449-50 (7th Cir.1995) ("One might wonder how the termination of [community] activities could constitute a hardship to the aliens rather than to their communities. The answer is that these activities are evidence of a high degree of integration of the aliens into the community, increasing the wrench to them of being expelled from it.").
 
 
 9
 Neither the IJ nor the BIA addressed whether severing Custodio's ties with the community would constitute an extreme hardship. Because Custodio properly raised the issue of his community ties, the BIA had an obligation to specifically consider it as a basis for extreme hardship and to explain its rationale for rejecting it as a basis for extreme hardship. See Cerrillo-Perez, 809 F.2d at 1422 ("The BIA is required to consider all relevant factors under 8 U.S.C. § 1254(a)(1) because hardship depends on specific circumstances and discretion can be properly exercised only if the circumstances are actually considered." (quotations and alterations omitted)); Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981) ("The Board should not have disregarded the possibility that extreme hardship would result from the combined effect of depriving the petitioner of his livelihood and uprooting him from a community to which he had belonged and contributed for more than a decade."). Whether severing Custodio's community ties constitutes an extreme hardship is a question uniquely for the BIA to determine, and this Court will not decide the question in the BIA's place. Accordingly, because the BIA abused its discretion in failing to consider this issue, we grant the petition for review, vacate the order of the BIA, and remand this matter to the BIA.[1]
 
 
 10
 Petition for review GRANTED, REMANDED for further proceedings.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Custodio has raised several additional issues on appeal, including an argument that the BIA should be reversed because it summarily affirmed the IJ, and a motion for a stay pending BIA consideration of Custodio's pending motion to reopen. In light of our reversal on other grounds, we need not consider these issues